UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MUNIQUE VIANA SANTOS and<br>FRANCIS VIANA,<br><br>                         Petitioners,<br><br>         v.<br><br>KEVIN MCALEENAN,<br>Acting Secretary,<br>Department of Homeland Security;<br>TODD LYONS,<br>Acting Boston Field Office<br>Director, Immigration and<br>Customs Enforcement;<br>JOSEPH D. MCDONALD, JR.,<br>Sheriff of Plymouth County; and<br>ANTONE MONIZ,<br>Superintendent of Plymouth County<br>Correctional Facility,<br><br>                         Respondents.[1] | CIVIL ACTION<br>NO. 19-11296-WGY |

YOUNG, D.J.                                              July 29, 2019

**ORDER**

On June 11, 2019, petitioners Munique Viana Santos ("Santos") and Francis Viana ("Viana") (collectively, "Petitioners") filed a petition for a writ of habeas corpus. Pet. Writ Habeas Corpus Under 28 U.S.C. § 2241 ("Pet."), ECF No. 1. On June 28, 2019, Respondents Kevin McAleenan, Todd Lyons,

---

[1] The Court substitutes respondent Todd Lyons for Christopher Cronen pursuant to Federal Rule of Civil Procedure 25(d).

Joseph D. McDonald, Jr., and Antone Moniz (collectively, "Respondents") moved to dismiss the petition, see Resp'ts' Mot. Dismiss, ECF No. 12; Mem. Supp. Resp't's Mot. Dismiss & Opp'n Pet'r's Mot. TRO ("Mot. Dismiss"), ECF No. 13, and to reconsider the temporary stay of removal that Judge Saris entered after ordering service, see Resp't's Mot. Reconsider June 12, 2019 Order, ECF No. 14; Order, ECF No. 4. On July 9, 2019, Judge Wolf transferred the case to this session of the Court per Local Rule 40.1, ECF Nos. 17, 18. Petitioners opposed Respondents' motions on July 17, 2019, Pet'rs' Mem. Opp'n Resp'ts' Mot. Dismiss Pet. Writ Habeas Corpus ("Opp'n Mot. Dismiss"), ECF No. 21; Pet'rs' Mem. Opp'n Resp'ts' Mot. Reconsider June 12, 2019 Order, ECF No. 22. Respondents filed a reply memorandum on July 24, 2019. Reply Pet'r's Mem. Opp'n Resp'ts' Mot. Dismiss ("Reply"), ECF No. 24.

After careful review of the parties' submissions, the Court DISMISSES the petition, ECF No. 1. Putting aside whether res judicata, the abuse of the writ doctrine, or section 2244 of chapter 28 of the United States Code precludes this petition, the Court concludes that Petitioners bring the same substantive claims in this petition as they lodged in a previously dismissed petition. Compare Pet. Writs Emergency Habeas Corpus, Mandamus & Compl. Decl. & Inj. Relief, Civ. A. No. 18-12232-WGY, ECF No. 1 (D. Mass. Oct. 25, 2018) and Santos v. Cissna, Civ. A. No. 18-

12232-WGY, 2019 WL 1745187 (D. Mass. Apr. 18, 2019), with Pet.

True, the instant petition additionally asserts that Viana belongs to a certified class of plaintiffs eligible to seek provisional unlawful presence waivers, see Pet. 19; Order ¶ 2, Calderon Jimenez v. McAleenan, Civ. A. No. 18-10225 (May 17, 2019) (Wolf, J.), ECF No. 253. This distinction makes no difference, however, because the Court already decided that Viana lacks even a colorable entitlement to a waiver through that process. See Santos, 2019 WL 1745187, at *2 (citing 8 C.F.R. § 212.7(e)(4)(v)).

In adherence to its previous decision, the Court thus GRANTS Respondents' motion to dismiss, ECF No. 12.

The Court nonetheless dismisses the instant petition without prejudice and DENIES Respondents' motion to reconsider, ECF No. 14. In their opposition to Respondents' motion to dismiss, Petitioners point to the Ninth Circuit's recent decision in Thuraissigiam v. United States Department of Homeland Security, 917 F.3d 1097 (9th Cir. 2019). See Opp'n Mot. Dismiss 4-6. There, the Ninth Circuit held that Congress violated the Suspension Clause when it stripped federal courts of jurisdiction to consider habeas corpus petitions alleging that immigration authorities did not follow their own procedures and applicable legal standards for reviewing asylum claims raised in expedited removal proceedings. See Thuraissigiam, 917

[3]

F.3d at 1118-19 (declaring application of section 1252(e)(2) of chapter 8 of the United States Code violated the Suspension Clause). Insofar as Petitioners challenge the validity of the expedited removal scheme, their challenge fails because "an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." See Landon v. Plasencia, 459 U.S. 21, 32 (1982); see also Thuraissigiam, 917 F.3d at 1103, 1112-13 (distinguishing case from Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1141 (9th Cir. 2008), which upheld expedited removal process's limits on habeas corpus review against general due process objections). The Thuraisssigiam decision only holds that section 1252(e)(2)'s limits on habeas corpus review of the expedited removal process suspends the writ of habeas corpus insofar as it fails to provide immigrants with a "meaningful opportunity" to show they are entitled to asylum. Thuraissigiam, 917 F.3d at 1110, 1117.

In their opposition, Petitioners suggest -- for the first time -- that Viana had an asylum claim when he first attempted to enter the United States but did not request asylum because he "was not made aware that he could have raised a valid claim for political asylum due to the imminent threat which his family in Brazil faced due to local gang violence which had targeted them

[4]

prior to his arrival in 2002." Opp'n Mot. Dismiss 5.  This claim may fall within the Thuraissigiam decision's ambit because the expedited removal process has long required immigration officers to advise immigrants subject to that process of their right to claim asylum, see American Immigration Lawyers Association v. Reno, 18 F. Supp. 2d 38, 44 (D.D.C. 1998), aff'd, 199 F.3d 1352 (D.C. Cir. 2000), but Petitioners only fleetingly allude to this possible ground for relief in their brief, Opp'n Mot. Dismiss 5.  Respondents counter with a factual argument -- that "Viana was not deprived of an opportunity to present an asylum claim." Reply 4.

Consequently, the Court dismisses the petition without prejudice and with leave to file a motion to amend the petition in light of the seriousness of this late-offered allegation.  In that motion and proposed amended petition, Petitioners may attempt to support factually and legally their claim to relief based on Viana's supposed unawareness of his right to present an asylum claim.  The Court further observes that the Thuraissigiam decision not only created a circuit split with the Third Circuit, see Castro v. United States Department of Homeland Security, 835 F.3d 422 (3d Cir. 2016), but also the petitioner in Thuraissigiam challenged directly his expedited removal order, not the reinstatement of a final removal order.  See Thuraissigiam, 917 F.3d at 1100, 1111.

Moreover, the Court enters this order having reserved decision on whether res judicata,[2] the abuse of the writ doctrine,[3] or section 2244(a) of chapter 28 of the United States Code[4] proscribe this second habeas corpus action.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[2] The Court observes that, historically, res judicata did not apply to habeas corpus petitions. See Sanders v. United States, 373 U.S. 1, 7-8 (1963).

[3] The Third Circuit has applied the abuse of the writ doctrine to dismiss a second habeas corpus petition challenging a petitioner's immigration detention. See Zayas v. Immigration and Naturalization Serv., 311 F.3d 247, 257-58 (3d Cir. 2002) (citing McCleskey v. Zant, 499 U.S. 467, 495 (1991)).

[4] Section 2244(a) states:
   No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
28 U.S.C. § 2244(a).